FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES JOEL LANDIS,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERY A. UTTECHT,<br><br>    Defendant. | NO: 2:17-CV-335-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

**BEFORE THE COURT** is Petitioner James Joel Landis's Motion for Reconsideration, ECF No. 26. Mr. Landis moves "for a full panel review of the Order Denying Plaintiff's Petition for Writ of Habeas Corpus." *Id.* The Court has considered the arguments, the record, and the pleadings, and is fully informed

**BACKGROUND**

In 2012, Mr. Landis was convicted by a jury in Okanogan County Superior Court of Attempted First Degree Murder, Assault in the Second Degree, and Harassment with Threats to Kill. ECF No. 1 at 1. He was sentenced to 348.75 months of incarceration. *Id.* Mr. Landis sought direct review of his conviction, but

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

his conviction was affirmed by the Washington State Court of Appeals and his petition for review in the Supreme Court of Washington was denied. *Id.* at 2. Mr. Landis filed for state collateral review in 2016 and again in 2017, but both were denied by the state appellate court. *Id.* at 3–4.

After exhausting his state remedies, Mr. Landis filed for federal habeas relief in September of 2017. ECF No. 1. In his petition, Mr. Landis argued that he received ineffective assistance of counsel and was denied his right to present a defense at his trial. *Id.* at 6–19, 21. In an order issued August 10, 2018, this Court denied Mr. Landis's petition for a writ of habeas corpus. ECF No. 24. This Court found that Mr. Landis had not exhausted his claim that he was denied a right to present a defense, and dismissed that claim without reaching the merits. *Id.* at 4–5. Further, this Court held that Mr. Landis did not prove that he was denied effective assistance of counsel. *Id.* at 12.

Mr. Landis now moves this Court to reconsider its order denying Mr. Landis his petition for a writ of habeas corpus. ECF No. 26. Mr. Landis reasserts that he was denied his right to present a defense and an ineffective assistance of counsel claim. *Id.* at 2. Additionally, Mr. Landis argues, for the first time, that he was denied the right to present evidence, the right to present witnesses, and the right to due process. *Id.*

/ / /

/ / /

**DISCUSSION**

*Motion for Reconsideration*

No single Federal Rule of Civil Procedure governs a "motion for reconsideration." If a party files a motion for reconsideration, it is construed as either a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–899 (9th Cir. 2001). The motion for reconsideration will be construed as a motion to alter or amend a judgment under Rule 59(e) if the motion is filed within 28 days of the entry of judgment. *Id*; *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). If filed outside this 28-day window, the motion for reconsideration will be treated as a motion for relief from a final judgment or order under Rule 60(b). *Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898–899.

Here, Mr. Landis filed his motion for reconsideration on August 22, 2018. ECF No. 26. The judgment he moves this Court to reconsider was entered on August 10, 2018. ECF Nos. 24 & 25 (order and judgment). Mr. Landis filed his motion within the 28-day timeline articulated in Rule 59(e). Fed. R. Civ. P. 59(e). Thus, this Court will construe Mr. Landis's motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e). *Am Ironworks & Erectors, Inc.*, 248 F.3d at 898–899.

*Rule 59(e) Analysis*

Motions under Rule 59(e) are only granted in the presence of highly unusual circumstances. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). It is "an extraordinary remedy that should be used sparingly." *Id.* at 1255 n.1. There are four grounds upon which a Rule 59(e) motion for reconsideration may be granted: (1) the moving party demonstrates that the motion is necessary to correct "manifest errors of law or fact upon which the judgment is based"; (2) the moving party has newly discovered or previously unavailable evidence to present; (3) the motion's granting is necessary to prevent manifest injustice; (4) reconsideration is justified by an intervening change in controlling law. *Id.*

In his motion, Mr. Landis does not indicate which of these four grounds upon which his motion stands. ECF No. 26. He argues his counsel violated several of his constitutional rights under the Sixth and Fourteenth Amendments. *Id.* at 1–2. He does not argue that there is newly available evidence to consider or that an intervening change in controlling law justifies reconsideration. Thus, the Court construes his motion to argue that this Court's order is based on "manifest errors of law or fact," or that the motion's granting is necessary to prevent manifest injustice. *McDowell*, 197 F.3d at 1255 n.1.

In this Court's order denying Mr. Landis a petition for a writ of habeas corpus, this Court considered Mr. Landis's claims that he was denied the right to present a

defense, and was denied effective assistance of counsel at trial. ECF No. 24. Through the lens of a Rule 59(e) review, the Court reconsiders Mr. Landis's claims.

### A. Right to Present a Defense Claim

This Court did not consider the substance of Mr. Landis's claim that he was denied his right to present a defense because Mr. Landis did not exhaust this claim in his state court appeals. ECF No. 24 at 4–5. Mr. Landis conceded that he did not properly exhaust this claim. ECF No. 17 at 30–31.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before seeking federal habeas review. 28 U.S.C. § 2254(b)(1). If the petitioner failed to exhaust his state court remedies, federal courts may not review a petitioner's claim. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). The purpose of exhaustion is to give state courts the first opportunity to remedy constitutional violations before the petitioner can enter federal court. *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

Mr. Landis conceded that he did not properly exhaust his claim of denial of his right to present a defense. ECF No. 17 at 30–31. He acknowledges that he did not present this claim in his direct appeal or his first collateral state appeal. *Id.*; *see also* ECF No. 1 at 2–3. Thus, Mr. Landis has failed to show that this Court's ruling on his right to present a defense claim is based on manifest errors in law or fact or that overturning the ruling is necessary to prevent a manifest injustice. *McDowell*,

197 F.3d at 1255 n.1. The Court denies Mr. Landis's motion for reconsideration regarding his claim on the right to present a defense.

### B. Ineffective Assistance of Counsel Claim

In this Court's order denying Mr. Landis's petition for writ of habeas corpus, ECF No. 24, the Court considered Mr. Landis's ineffective assistance of counsel claim. ECF No. 24 at 5–12. This Court first explained that it must review Mr. Landis's petition through the lens of the AEDPA, which prevents a federal court from overturning a previously-adjudicated claim in a state court proceeding unless the decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or the decision was based on an unreasonable determination of the facts. *Id.* at 5; 28 U.S.C. § 2254(d). This Court identified the standard for ineffective assistance of counsel claims in federal habeas proceedings, which is that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." ECF No. 24 at 5; *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

This Court then identified the two-part *Strickland* test for evaluating an ineffective assistance of counsel claim. First, the Court considered whether the assistance of Mr. Landis's was reasonable in light of all the circumstances. ECF No. 24 at 8; *Strickland v. Washington*, 466 U.S. 668, 688 1(1984). Second, the Court considered whether any errors made by Mr. Landis's counsel deprived Mr. Landis of

a fair trial, thereby prejudicing Mr. Landis. ECF No. 24 at 8; *Strickland*, 466 U.S. at 687. This Court applied the two-part *Strickland* test to Mr. Landis's claims in light of the deferential review mandated by AEDPA. ECF No. 24 at 12; 28 U.S.C. § 2254(d).

Mr. Landis made eight sub-claims within his ineffective assistance of counsel claim. ECF No. 24 at 9–10. Together, these eight sub-claims essentially argued that Mr. Landis's counsel failed to explore or present to the jury the best defense theory available to Mr. Landis. *Id.* This Court noted that the Washington State Appellate Court denied Mr. Landis's ineffective assistance of counsel claim because he could not prove that his counsel acted deficiently or that Mr. Landis was in any way prejudiced by his counsel's actions. ECF No. 24 at 12. Applying *Strickland* and AEDPA, this Court found the state appellate court's decision reasonable considering all the circumstances. ECF No. 24 at 12. This Court held that the state appellate court's decision that Mr. Landis failed to prove that his counsel acted deficiently or that Mr. Landis was prejudiced by his counsel's actions was not contrary to clearly established federal law or based on an unreasonable determination of the facts. *Id.*; 28 U.S.C. § 2254(d). Therefore, this Court found that Mr. Landis failed to prove any constitutional violation, and subsequently denied Mr. Landis's petition for a writ of habeas corpus. ECF No. 24 at 12.

Mr. Landis argues that this Court's order denying him a petition for writ of habeas corpus denied him certain constitutional rights. ECF No. 26 at 1–2. Mr.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 7

Landis repeats certain arguments that were already rejected by the state appellate court and this Court: namely, that Mr. Landis's counsel did not pursue a defense theory regarding Mr. Landis's mental disorder or use of drugs and alcohol during the commission of the crime. *Id.* at 2. By repeating these arguments that were already rejected by the state appellate court and this Court, Mr. Landis fails to show how this Court's order was based on manifest errors of law or fact, or will result in a manifest injustice to Mr. Landis. *McDowell*, 197 F.3d at 1255 n.1. Mr. Landis has not shown that his case fits the highly unusual circumstances in which a court should grant a motion for reconsideration. *Id.* at 1255. Thus, Mr. Landis's motion under Rule 59(e) is denied.

*Additional Claims in Motion for Reconsideration*

In addition to asking this Court to reconsider its decision on Mr. Landis's ineffective assistance of counsel claim, Mr. Landis also asks this Court to reconsider several claims it did not fully consider in its order, including the rights to present evidence and witnesses on one's behalf, as well as a due process claim. ECF No. 26 at 2.

AEDPA bars prisoners from second or successive habeas petitions in federal court, unless the new claims rely on new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the factual predicate for the new claims could not have been previously discovered through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that no

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 8

reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Before a petitioner may file a second or successive habeas petition, the petitioner must move the court of appeals for an order authorizing the district court to consider the petition. *Id.* § 2244(b)(3)(A).

To any extent a Rule 59(e) motion presents new claims supporting a petition for a writ of habeas corpus, the motion should be construed as a second or successive habeas petition under AEDPA. *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016). The district court should dismiss the new claims without prejudice to allow the petitioner to move the court of appeals for permission to file the second or successive habeas petition. *Id.*

Here, the Court cannot consider Mr. Landis's new claims for habeas relief in his Rule 59(e) motion. The Court is bound by the second or successive habeas petition restrictions in AEDPA. 28 U.S.C. § 2244(b)(2)–(3). Thus, the Court dismisses Mr. Landis's claims that he was denied the right to present evidence, the right to present witnesses, and the right to due process without prejudice.

*Certificate of Appealability*

A habeas petitioner may not appeal an adverse order unless a circuit judge or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253. A district court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.*

Mr. Landis has failed to establish a substantial showing that he was denied a constitutional right. Therefore, the Court finds no basis to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration, **ECF No. 26**, is **DENIED**.

2. Plaintiff's claims that he was denied the right to present evidence, the right to present witnesses, and the right to due process are **DISMISSED WITHOUT PREJUDICE** as a second or successive habeas claim. 28 U.S.C. § 2244(b)(2).

3. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** October 19, 2018.

           *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
           United States District Judge